IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ROBERT LUCE and MANDY NASH § § § § | |
| Plaintiffs § | CIVIL ACTION NO. 9:11cv49 |
| V § | JUDGE _____ |
| HOUSING AUTHORITY FOR THE CITY OF CROCKETT and RENEA MINTER § § § § § | JURY DEMANDED |
| Defendants § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Come now Plaintiffs Robert Luce and Mandy Nash who for their Original Complaint states as follows:

**I**

**Preliminary Statement**

1. Plaintiff Robert Luce was the Security Director of the Housing Authority for the City of Crockett.  Plaintiff Mandy Nash worked in both the security and maintenance departments for the Housing Authority for the City of Crockett.  Plaintiff Nash complained to Defendant Executive Director Minter about racial discrimination at the Housing Authority of the City of Crockett by Defendant Minter's brother, who was also an employee there.  She was terminated thereafter.[1]

---

[1] Plaintiff Nash anticipates amending this complaint to include a claim for retaliation under Title VII of the Civil Rights Act of 1964 upon receipt of her Notice of Right to Sue.

2. Plaintiff Luce was very vocal in supporting Plaintiff Nash in her claims that race discrimination was prevalent at Defendant Housing Authority of the City of Crockett, that she was being retaliated against, and that she had done nothing to merit termination.  As a result, Plaintiff Luce was suspended on or about March 27, 2009.  He ultimately resigned when he determined that he was not going to be put back to work.

3. Not only were Plaintiffs Luce and Nash denied employment, but Defendant Minter pursued bogus criminal charges against them.  These charges were ultimately dismissed and expunged.

4. Plaintiffs bring claims under 42 U.S.C. § 1983 for violations of their First Amendment rights to speak out on matters of public concern.  Plaintiffs additionally bring supplemental state law claims for malicious prosecution.

5. Plaintiffs seek compensatory, equitable and punitive damages, together with a reasonable attorney's fee as authorized by 42 U.S.C. § 1988.

## II

### Jurisdiction

6. Jurisdiction over Plaintiffs' constitutional claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(a)(3).  Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the United States Constitution.

7. Plaintiffs' state law claims are asserted under this Court's supplemental jurisdiction as provided by 28 U.S.C. § 1367.

### III

### Parties

**Plaintiffs**

    8.  Plaintiff Robert Luce is a citizen of the United States and resident of Houston County, Texas.

    9.  Plaintiff Mandy Nash is a citizen of the United States and resident of Houston County, Texas.

**Defendants**

    10.  Defendant Housing Authority of the City of Crockett is a governmental entity in Houston County, Texas.

    11.  Defendant Renea Minter was the Executive Director of Defendant Housing Authority of the City of Crockett and a resident of Houston County, Texas.  Ms. Minter is sued in both her individual and official capacities.

### IV

### Facts

**Plaintiff Nash's Initial Complaint**

    12.  Plaintiff Nash is a white female.  She worked in both the maintenance and security departments for the Housing Authority of the City of Crockett.  Her boss was Executive Director Renea Minter.

    13.  Plaintiff Nash complained to Executive Director Minter about racial discrimination at the Housing Authority of the City of Crockett undertaken by her brother, who was also an employee of the Housing Authority.

14. Ms. Minter's brother engaged in numerous acts of racial discrimination against employees and tenants. He also used numerous racial slurs including the word "nigger."

15. Executive Director Minter did nothing about Plaintiff Nash's complaints. In fact, on December 2, 2008, she terminated Plaintiff Nash. The only reason given to Plaintiff Nash was that Texas is an "at will" state.

16. Executive Director Minter actually terminated Plaintiff Nash because of her opposition to the race discrimination being undertaken by her brother at the Housing Authority of the City of Crockett.

**Plaintiff Luce's Vocal Support of Plaintiff Nash**

17. Plaintiff Luce was vocal in speaking out on matters of public concern regarding the Housing Authority of the City of Crockett, including the validity of Plaintiff Nash's claims and other misconduct by Defendant Housing Authority of the City of Crockett. Race discrimination and misconduct by the Housing Authority are matters of public concern.

18. Defendant Minter made it clear that she did not like Plaintiff Luce's vocal support of Plaintiff Nash.

19. Defendants Minter and the Housing Authority of the City of Crockett placed Plaintiff Luce on suspension when he would not cease his public support of Plaintiff Nash. Plaintiff Luce ultimately resigned when he determined that he was not going to be put back to work.

**Facts Regarding Malicious Prosecution**

20. Defendant Minter additionally procured bogus charges against Plaintiffs Luce and Nash for misappropriation of fiduciary property.

21. The bogus charges were dismissed with prejudice on December 10, 2010 and subsequently expunged from Plaintiffs' records.

22. The criminal charges were terminated in Plaintiffs' favor, they were innocent of the charges, Defendant Minter lacked probable cause to initiate the prosecution, she acted with malice, and Plaintiffs suffered damages.

**Damages**

23. Damages proximately caused by the defendants include grief, mental anguish, humiliation, embarrassment, damage to reputation, and lost wages.

24. Defendant Minter's wrongful acts and omissions were intentional, willful, reckless and malicious rendering appropriate the award of punitive damages.

**Liability of Defendant Housing Authority for City of Crockett**

25. Defendant Housing Authority for the City of Crockett's employees' wrongful acts and omissions, as set out above, were in compliance with the actual policies, procedures, practices and customs of Defendant Housing Authority for the City of Crockett.

26. Defendant Housing Authority for the City of Crockett's deficient policies, procedures, practices and customs as they relate to use of force were a producing and proximate cause of the actions undertaken against Plaintiffs.

27. Defendant Housing Authority for the City of Crockett breached its duty to provide its employees and representatives with adequate supervision.  The grossly inadequate supervision resulted from and was caused by Defendant Housing Authority for the City of Crockett's deliberate indifference to Plaintiffs' rights.  Further, the grossly inadequate supervision is a producing and proximate cause of Plaintiffs' damages.

28. Defendant Housing Authority for the City of Crockett breached its duty to provide its officers with adequate training. This grossly inadequate training resulted from and was caused by Defendant Housing Authority for the City of Crockett's deliberate indifference to Plaintiffs' rights. Further, the grossly inadequate training is a producing and proximate cause of Plaintiffs' damages.

29. Based on information and belief, Defendant Housing Authority for the City of Crockett tolerated misconduct by its employees/representatives with actual or constructive knowledge of same.

V

## Causes of Action

### Federal Cause of Action

30. The suspension of Plaintiff Luce from which he was not allowed to come back to work, based upon his speaking out on matters of public concern, violated the First Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983.

31. Defendant Minter's wrongful acts and omissions were wanton, malicious, and done with the specific intent to deprive Plaintiff Luce of his rights rendering appropriate the award of punitive damages against Defendant Minter in her individual capacity.

### State Causes of Action

32. The facts as set out above also give rise to Plaintiff Luce and Plaintiff Nash's state law claims based on malicious prosecution for which Defendants are liable.

33. Defendant Minter's wrongful acts and omissions were wanton, malicious and done with the specific intent to deprive Plaintiffs Luce and Nash of his rights rendering appropriate the award of punitive damages against Defendant Minter in her individual capacity.

## VI

## Jury Demand

34. Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE Plaintiffs pray that this Honorable Court:

a. Enter judgment in behalf of Plaintiff Luce against Defendants on his constitutional claim for violation of First Amendment rights for compensatory damages in an amount sufficient to fully and completely compensate him for his actual damages proximately caused by Defendants;

b. Enter judgment in behalf of Plaintiffs Luce and Nash against each Defendant on their state law claims for malicious prosecution in an amount sufficient to fully and completely compensate them for their actual damages proximately caused by such Defendants;

c. Enter judgment in behalf of Plaintiffs Luce and Nash against Defendant Minter, individually, for punitive damages in an amount sufficient to punish her for her misconduct in this case and in an amount sufficient to deter Defendant Minter and others from doing the same thing to Plaintiffs Luce or Nash or others;

d. Grant Plaintiffs a reasonable attorney fee and costs herein expended as authorized by 42 U.S.C. §1988 and pursuant to state law;

e. Grant Plaintiffs a trial by jury on all issues so triable; and

f. Grant Plaintiffs any and all additional relief for which they may appear to be entitled including pre-judgment interest, post-judgment interest and costs herein expended.

Respectfully Submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney in Charge for Plaintiffs
Bar Card No. 00783808

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org